UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SAMANTHA GOODNER,              )
                               )
        **Plaintiff,**         )
                               )
v.                             )   Case No. 08-CV-0012-CVE-PJC
                               )
OKLAHOMA SURGERY               )
INCORPORATED,                  )
                               )
                               )
        **Defendant.**         )

**OPINION AND ORDER**

Now before the Court is Defendants' [sic] Motion for Partial Dismissal and Brief in Support (Dkt. # 8). Plaintiff Samantha Goodner ("Goodner") filed her complaint (Dkt. # 2) on January 8, 2008, alleging sexual harassment and retaliation in violation of section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Defendant Oklahoma Surgery Incorporated ("OSI") moves to partially dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, the Court finds that the motion should be **denied**.

**I.**

Goodner began her employment with OSI as a receptionist in October 2005. Dkt. # 2, at 2. In her complaint, Goodner alleges that she was subject to unwelcome sexual advances and sexual harassment by her "employers," Michael McCune, M.D. ("McCune") and David Hemsoth. Id. Goodner alleges that on or about September 5, 2006, she reported this harassment to OSI management. Id. Goodner claims that OSI failed to investigate and to remedy the reported harassment. Id. Goodner further claims that OSI retaliated against her for her report by terminating her employment on or about September 12, 2006. Id.

After her termination, Goodner filed a General Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC"). Dkt. # 13, at 1. Goodner alleged that McCune bought her a coconut bra and grass skirt, and then McCune and Hemsoth teased her and wrote memos to all of the employees about her underwear. Dkt. # 20, at 3. Goodner alleged that Becky Schaeffer fired her, but that "Hemsoth and/or the doctors [she] complained against" actually made the termination decision. Id. Goodner attached to the questionnaire "[h]andwritten and typed memos regarding [her] underwear that w[ere] put out by Dr. McCune + David Hemsoth[.]" Id. at 4. The unsigned handwritten memo stated "SAMMY'S NEW UNDERWEAR FUND[:] DONATE GENEROUSLY & OFTEN[;] IT'S A GOOD CAUSE[.]" Id. at 8. The typed memo, sent by Hemsoth to Goodner and copied to McCune and other doctors, stated:

> In order for you to be in a position to purchase new underwear and thus present a better, less holey image at the front, OSI is raising your pay by $2.00 per month. The purchase of new underwear will help facilitate your being able to be examined by medical personnel without being embarrassed.

Id. at 7. Hemsoth concluded, "We are pleased yet strangely amused that we can be of service here." Id. The date on the memo appears to be September 1, 2006. See id.

Goodner subsequently filed a Charge of Discrimination with the EEOC. Dkt. # 8-2, at 1. In her charge, Goodner stated that OSI subjected her to a hostile work environment "created by several male doctors." Id. Goodner alleged that she complained to OSI about "unwanted and unwelcome touching by Dr. Johnson and on September 05, 2006 about an inappropriate correspondence being circulated by Dr. McCune making reference to [her] underwear." Id. She stated that OSI terminated her employment on or about September 12, 2006. Id. The remaining allegations in the charge are not relevant to the inquiry here.

OSI now moves "for an order partially dismissing the above-styled lawsuit, as the Court lacks subject matter jurisdiction over a portion of the claim due to Plaintiff's failure to exhaust administrative remedies." Dkt. # 8, at 1. OSI argues that the portion of Goodner's sexual harassment claim based on Hemsoth's alleged conduct should be dismissed because "this allegation is not reasonably related to the Charge" filed with the EEOC. Id. at 3. OSI avers that because Goodner did not "raise a claim against Mr. Hemsoth in her Charge," the claim as it pertains to Hemsoth must be dismissed as a matter of law. Id.

**II.**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) should be granted if a plaintiff cannot establish that the court has jurisdiction over the defendant. In addressing whether dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate, a court may consider documents submitted by the parties to resolve any jurisdictional fact questions. See Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324-25 (10th Cir. 2002) (requiring conversion to a motion for summary judgment under Fed. R. Civ. P. 56 only when the jurisdictional question is intertwined with the merits of the case); see also Davis ex rel. Davis v. United States, 343 F.3d 1282, 1294 (10th Cir. 2003) ("[I]t is appropriate, particularly in the exhaustion context, for a district court to consider evidence beyond the pleadings in resolving a challenge to subject-matter jurisdiction."). Here, the parties have submitted materials outside of the pleadings. The Court need not convert this motion to one for summary judgment, however, because the jurisdictional question is not intertwined with the merits of this case. Sizova, 282 F.3d at 1324-25 ("[T]he jurisdictional issue is whether [plaintiff] has exhausted her administrative remedies, a matter that is simply not an aspect of her

3

substantive claim of discrimination."). Accordingly, the Court will consider the parties' proffered exhibits.

**III.**

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996) (internal quotation marks and citation omitted). To exhaust administrative remedies, a plaintiff must file a timely charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(b). The Tenth Circuit has held that "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." MacKenzie v. Denver, 414 F.3d 1266, 1274 (10th Cir. 2005).[1] Thus, if the EEOC is not reasonably expected to investigate a plaintiff's claim or its underlying factual allegations, a court does not have jurisdiction to consider the matter.

Here, Goodner's complaint does not contain factual allegations pertaining to Hemsoth's conduct that exceed the scope of her charge. Goodner very plainly stated in her General Intake Questionnaire that McCune and Hemsoth teased her and wrote memos to all of the employees about her underwear. Dkt. # 20, at 3. Goodner attached these memos to the questionnaire. See id. at 4. While Goodner's Charge of Discrimination may not explicitly refer to Hemsoth, it very clearly states that Goodner complained to OSI "on September 05, 2006 about an inappropriate correspondence

---

[1]   In Mackenzie, the plaintiff filed an EEOC charge stating that her employer discriminated against her because of coronary disease. Id. at 1272-73. On appeal, the plaintiff asserted for the first time that her employer discriminated against her because of a second disability, depression. Id. at 1274. The court found that the plaintiff's second alleged disability plainly exceeded the scope of her timely-filed charge, because even liberally construed, the charge alleged only one disability. Id. The court's examination of the plaintiff's disability claim, therefore, was limited to the factual allegation in the charge. Id.

4

being <u>circulated</u> by Dr. McCune making reference to [her] underwear." Dkt. # 8-2, at 1 (emphasis added). The typewritten memo, drafted by Hemsoth, was copied <u>specifically</u> to McCune and dated four days before Goodner claims she complained to OSI. <u>See</u> Dkt. # 20, at 7. Ostensibly, the language in the charge could be referring to either or both memos. Moreover, there is no reason the EEOC would be reasonably expected to investigate one memo but not the other, when the EEOC had been given copies of both documents. Simply because the charge does not name explicitly the author of "the inappropriate correspondence" does not mean that the Court does not have jurisdiction over the factual allegations underlying this portion of Goodner's claim.

The Court concludes, therefore, that it has jurisdiction over the portion of Goodner's sexual harassment claim pertaining to Hemsoth's conduct. The EEOC was reasonably expected to investigate underlying factual allegations contained in the General Intake Questionnaire and alluded to in the Charge of Discrimination.[2]

**IT IS THEREFORE ORDERED** that Defendants' [sic] Motion for Partial Dismissal and Brief in Support (Dkt. # 8) is hereby **denied**.

**DATED** this 25th day of April, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] In support of its motion, OSI cites the Tenth Circuit's unpublished decision in <u>Welsh v. City of Shawnee</u>, 182 F.3d 934, 1999 WL 345597 (10th Cir. June 1, 1999). Although the Court recognizes that <u>Welsh</u> is factually similar to the present case, it notes that the Tenth Circuit did not cite <u>Welsh</u> – or its two-part test – in <u>Mackenzie</u>. Thus, the Court surmises that the Tenth Circuit has elected to replace <u>Welsh</u>'s (non-binding) two-part test with the reasonable expectation test set forth in <u>Mackenzie</u>.